```
                FILED          RECEIVED
                ENTERED        SERVED ON
                        COUNSEL/PARTIES OF RECORD

                     APR 0 1 2024

                  CLERK US DISTRICT COURT
                    DISTRICT OF NEVADA
            BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CR-202-RFB-EJY |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| GREG KIRBY, | |
| Defendant. | |

This Court finds Greg Kirby pled guilty to Count One of a One-Count Criminal Information charging him with conspiracy to commit an offense against the United States in violation of 18 U.S.C. §§ 1347 and 371. Criminal Information, ECF No. 14; Arraignment & Plea, ECF No. 20; Plea Agreement, ECF No. 15.

This Court finds Greg Kirby agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Criminal Information, ECF No. 14; Arraignment & Plea, ECF No. 20; Plea Agreement, ECF No. 15.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has (1) proven the amount for the personal criminal forfeiture money judgment and (2) established the requisite nexus between the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information and the offense to which Greg Kirby pled guilty.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1347, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(F), involving a Federal health care offense as defined in 18 U.S.C. § 24, or 18 U.S.C. § 371, conspiracy to commit

such offense or (2) property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of 18 U.S.C. §§ 1347 and 371, involving a Federal health care offense as defined in 18 U.S.C. § 24 and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p):

1. $5,791.13;
2. $371,520.89;
3. $5,548.94;
4. $1,369.59;
5. $2,077.56;
6. 6800 E. Lake Mead Blvd #2076, Las Vegas, Nevada 89156, more particularly described as:

PARCEL I:

TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE AMENDED PLAT AND THE MOUNTAINSIDE COMMUNITY SUBDIVISION DECLARATION.

PARCEL II:

UNIT 2076 IN BUILDING 10, AS SHOWN ON THE FINAL MAP OF AMENDED PLAT OF MOUNTAINSIDE COMMUNITY SUBDIVISION, FILED IN BOOK 50 OF PLATS, PAGE 29, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA, AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR AMENDED PLAT OF MOUNTAINSIDE COMMUNITY SUBDIVISION, RECORDED SEPTEMBER 24, 1993 AS INSTRUMENT NO. 01167 IN BOOK 930924, OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("MOUNTAINSIDE COMMUNITY SUBDIVISION DECLARATION").

PARCEL III:

TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE AMENDED PLAT AND THE MOUNTAINSIDE COMMUNITY SUBDIVISION DECLARATION.

PARCEL IV:

TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE AMENDED PLAT AND THE MOUNTAINSIDE COMMUNITY SUBDIVISION AND ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 140-23-217-156.

7. 2284 Mesa Canyon Dr, Laughlin, Nevada 89029, more particularly described as:

LOT 9 IN BLOCK 1 OF TERRACE V UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 41 OF PLATS, PAGE 73, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA AND ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 264-21-311-009.

8. 781 N. Leslie St., Pahrump, Nevada 89060, more particularly described as:

THE NORTHWEST QUARTER (NW 1/4) OF THE NORTHWEST QUARTER (NW 1/4) OF SECTION 8, TOWNSHIP 20 SOUTH, RANGE 53 EAST, M.D.B. &M. EXCEPTING THEREFROM THAT CERTAIN PARCEL OF LAND CONVEYED BY DOCUMENT RECORDED MAY 22, 1974 IN BOOK 173 OF OFFICIAL RECORDS, PAGE 36 AS FILE NO. 42259 NYE COUNTY, NEVADA RECORDS. ALSO DESCRIBED AS: T20S R53E S8-S S NW NW P#9732 10AC AND ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 036-041-06.

9. 1412 West Grove Rd, Decatur, Illinois 62521, more particularly described as:

LOT THREE (3) OF NEW VISION SUBDIVISION, AS PER PLAT RECORDED IN BOOK 5000, PAGE 40 IN THE RECORDS OF THE RECORDER'S OFFICE OF MACON COUNTY, ILLINOIS. SITUATED IN MACON COUNTY, ILLINOIS, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 17-12-28-451-016.

10. 1414 West Grove Rd, Decatur, Illinois 62521, more particularly described as:

LOT ONE (1) OF CHURCH OF GOD ADDITION, AS PER PLAT RECORDED IN BOOK 5000, PAGE 125 IN THE RECORDS IN THE RECORDER'S OFFICE OF MACON COUNTY, ILLINOIS. SITUATED IN MACON COUNTY, ILLINOIS, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 17-12-28-451-017

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $29,819.36, not to be held jointly and severally liable with any codefendants, the collected money judgment amount between Greg Kirby and Carol Kirby is not to exceed $29,819.36, to ensure the government does not collect more than the forfeitable amount based on the forfeiture statutes and Ninth Circuit cases, and that the above property will not be applied toward the payment of the money judgment.

This Court finds that Greg Kirby agreed to the substitution and forfeiture of $29,819.36 as set forth in the Plea Agreement under Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p) and will be applied toward payment of the money judgment (all of which is afterward included as property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Greg Kirby an in personam criminal forfeiture money judgment of $29,819.36.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Greg Kirby in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

1     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, within thirty (30) days of the final publication of notice on the official internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

/ / /

/ / /

/ / /

Daniel D. Hollingsworth
Assistant United States Attorney
Misty L. Dante
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED April 1, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE