JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CR-202-RFB-EJY |
| Plaintiff, | **United States of America's Amended Unopposed Motion to Extend the Time to File its Response to Clark County and Clark County Treasurer's Office Petition for Ancillary Hearing, ECF No. 28, and Order** |
| v. | |
| GREGORY KIRBY, | |
| Defendant, | |
| CLARK COUNTY and CLARK COUNTY TREASURER OFFICE, | **(Amended Second Request)** |
| Third-Party Petitioner. | |

The United States of America respectfully moves this Court for an Order extending the time for the United States to file its response to Clark County and Clark County Treasurer's Office Petition for Ancillary Hearing, ECF No. 28. The current deadline is July 15, 2024. Order, ECF No. 44. The United States requests an extension of time to and including August 15, 2024. This is the amended second request.

The government filed the second request on July 11, 2024, ECF No. 48, that contained a typo on the last page for the new due date. The Court granted the Motion, ECF 49. This Amended second request corrects the typo to the correct due date, August 15, 2024.

On July 11, 2024, the Petitioner and the United States agreed to the extension of time for the legal and factual reasons given below. This Motion is not submitted solely for the purpose of delay or for any other improper purpose.

The grounds for this extension follow. Undersigned AUSA Hollingsworth has been generally unavailable since returning from the East. Counsel for the parties have discussed the situation generally.

This Motion is made and is based on the following Memorandum of Points and Authorities and the pleadings and papers on file.

## MEMORANDUM OF POINTS AND AUTHORITIES

The United States adopts and incorporates the Criminal Information, the Plea Agreement, and the Preliminary Order of Forfeiture.[1]

### I. ANALYTICAL FORFEITURE FRAMEWORK

**A. A Preliminary Forfeiture Order is a Final Forfeiture Order as to the Defendant at Sentencing if the Court Orally Announces the Forfeiture and Attaches it to the Judgment in a Criminal Case.**

A court determines and finds what property is forfeitable from a defendant under the applicable forfeiture statutes and enters a POOF accordingly.[2] The POOF forfeits whatever interest the defendant has in the property, if any, but *only* the defendant's interest in the property.[3] Where practical, the defendant has a reasonable opportunity to object to the POOF before the POOF becomes final as to the defendant.[4] In this case, Gregory Kirby did not object to the POOF, and this Court entered the POOF on April 1, 2024, ECF No. 21.

The third-party petitioners' interests are not addressed at the change of plea, the jury verdict of guilty, or at sentencing with the preliminary orders of forfeiture, but at the third-party ancillary proceeding phase of the case.[5]

---

[1] LR IA 10-3(a); Criminal Information (CI), ECF No. 14; Plea Agreement (PA), ECF No. 15; Preliminary Order of Forfeiture (POOF), ECF No. 21.
[2] *See* Fed. R. Crim. P. 32.2(b)(1)(A), 32.2(b)(2)(A); *United States v. 101 Houseco, LLC*, 22 F.4th 843, 847, 849 (9th Cir.), *cert. denied*, 143 S. Ct. 209 (2022).
[3] *See* Fed. R. Crim. P. 32.2(b)(2)(A); *Houseco*, 22 F.4th at 847, 849.
[4] *See* Fed. R. Crim. P. 32.2(b)(2)(B); *United States v. Haleamau*, 887 F. Supp. 2d 1051, 1055 (D. Haw. 2012).
[5] *See* Fed. R. Crim. P. 32.2(b)(2)(A) ("The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."); Fed. R. Crim. P. 32.2(b)(4)(A) ("At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains

**B. Required Publication and Service of Process for Potential Third-Party Petitioners Must Meet Criminal Forfeiture Procedures, Statutes, Rules, Cases, and the Due Process Clause of the Fifth Amendment to the United States Constitution.**

After a court enters a POOF where specific property is forfeited, "the government must publish notice of the order [to the world] and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding."[6] Service to people or entities whom the United States has reason to believe could have an interest in the property is generally required.[7] The United States serves potential third-party petitioners via the U.S. Postal Service, commercial interstate carrier, or personal service to fulfill this requirement.[8] If the service is not done soon enough, the United States will be required to publish again.[9]

The content of the notice to potential third-party petitioners "must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition."[10]

Publication notice "must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv)."[11] Publication occurs on the federal government's website for thirty consecutive days, www.forfeiture.gov.[12] The United States can only use this publication method.

"The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)–(v) of the Federal Rules of Civil Procedure."[13] The United States serves potential third-party

---

preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c)."); Fed. R. Crim. P. 32.2(c)(4) ("An ancillary proceeding is not part of sentencing.").
[6] Fed. R. Crim. P. 32.2(b)(6)(A)(brackets added), (C), and (D) (incorporating Fed. R. Civ. P. Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supp. R) G(4)(a)(iii)-(iv), G(4)(b)(iii)-(v); 21 U.S.C. § 853(n)(1).
[7] *See* Fed. R. Crim. P. 32.2(b)(6)(D); Supp. R. G(4)(b); 21 U.S.C. § 853(n)(1).
[8] *See* Fed. R. Crim. P. 32.2(b)(6)(D); Supp. R. G(4)(b)(iv) and (v).
[9] Supp. R. G(4)(b)(i) and G(5)(ii)(B).
[10] Fed. R. Crim. P. 32.2(b)(6)(B); 21 U.S.C. § 853(n)(3).
[11] Fed. R. Crim. P. 32.2(b)(6)(C); 21 U.S.C. § 853(n)(1).
[12] *See* Fed. R. Crim. P. 32.2(b)(6)(C); Supp. R. G(4)(a)(iii)(B) and (iv)(C).
[13] Fed. R. Crim. P. 32.2(b)(6)(D).

petitioners via the U.S. Postal Service, commercial interstate carrier, or personal service to fulfill this requirement.

A potential third-party petitioner has within 30 days of the final date of publication of notice or receipt of notice, whichever is earlier, to file a third-party petition for an ancillary hearing.[14]

The United States completed the 30-day publication[15] and started a second 30-day publication. The United States initiated personal service and awaits third-party petitions from service by mail or personal service.

**C. Finality as to the Defendant is Different than Finality for any Third-Party Petitioners and the Rest of the World.**

The "finality" of a defendant's forfeiture is distinct from the "finality" of a forfeiture as to third-party petitioners and the rest of the world. A defendant's forfeiture can become final: where the Court signs and enters the POOF;[16] where the defendant, the United States, or both exhaust their opportunity to suggest revision or mitigation to the POOF;[17] where the Court orally announces the forfeiture at sentencing;[18] and where the Court attaches the forfeiture order (either a POOF as to the defendant or a Final Order of Forfeiture (FOOF) as to the world if publication, the service of process, and ancillary hearings are completed before sentencing) to the Judgment.[19] The defendant's POOF then becomes a final forfeiture order as to the defendant at sentencing.[20]

Forfeiture is finalized generally as to any third-party petitioners and the rest of the world: where publication and service of process to potential third-party petitioners and the rest of the world occurs; where the deadline to file the third-party petition has expired; and

---

[14] *See* 21 U.S.C. § 853(n)(2); Supp. R. G(4)(b)(iv)-(v).
[15] Notice of Filing Proof of Publication, ECF No. 23.
[16] *See* Fed. R. Crim. P. 32.2(b)(1)(A), 32.2(b)(2)(A) and (B), and (b)(4); *101 Houseco*, 22 F.4th 843 at 847, 849.
[17] *See* Fed. R. Crim. P. 32.2(b)(2)(B); *Haleamau*, 887 F. Supp.2d at 1055; *United States v. Petix*, 767 F. App'x 119 (2d Cir. 2019).
[18] *See* Fed. R. Crim. P. 32.2(b)(4)(A).
[19] *See* Fed. R. Crim. P. 32.2(b)(4)(B) and (c)(2).
[20] *See* Fed. R. Crim. P. 32.2(b)(2)(B), 32.2(b)(4)(A) and (B) and (c)(2); *Haleamau*, 887 F. Supp.2d at 1055; *United States v. Kealoha*, No. 17-00582 JMS-WRP, 2023 WL 3505328, *3 (D. Hawai'i May 17, 2023).

where the Court signs and enters the FOOF because the FOOF follows the POOF (which forfeited the defendant's interest). If applicable, the court decides the interests of any third-party petitioners and the rest of the world since the third-party ancillary hearings are quasi in rem or civil in nature.[21]

**D. Third-Party Petitioners and Ancillary Proceedings Do Not Impact the Sentencing in Any Way.**

Gregory Kirby's sentencing hearing is currently set for September 27, 2024.

First, Third-Party Petitions for Ancillary Hearing (Petitions) in a criminal case are civil in nature.[22] Second, Petitions are like a complaint alleging an interest or claim in the forfeited property.[23]

Third, since a Petition is not a motion, it is not subject to the same response deadline to a motion, 14 days. Fourth, the United States has 60 days after a Petition is properly served to respond to it.[24]

Fifth, the United States may bring a motion to "dismiss the petition for lack of standing, for failure to state a claim, or for *any other lawful reason*."[25] Sixth, after the court disposes of any above-mentioned motions and before a third-party ancillary hearing on the petition occurs, the court may permit the United States, the third-party petitioner, or both to request discovery.[26]

Seventh, either party can bring motions to compel and motions for discovery sanctions after the meet and confer.[27] Eighth, the United States can bring a motion to strike.[28]

---

[21] *See* Fed. R. Crim. P. 32.2(b)(2)(A), 32.2(b)(4), 32.2(c); 21 U.S.C. § 853(n); *101 Houseco*, 22 F.4th at 847, 849-51; *United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 n.4 (9th Cir. 1996).
[22] *See Alcaraz-Garcia*, 79 F.3d at 772 n.4.
[23] Fed. R. Crim. P. 32.2(c)(1).
[24] Fed. R. Civ. P. 12(a)(2); Fed. R. Crim. P. 32.2(c)(1).
[25] Fed. R. Crim. P. 32.2(c)(1)(A) (emphasis added); Fed. R. Civ. P. 12(b)(1) ("lack of subject matter jurisdiction"); Fed. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted.").
[26] Fed. R. Crim. P. 32.2(c)(1)(B) (With court approval the parties "conduct discovery" according to "the Federal Rules of Civil Procedure."); Fed. R. Civ. P. 26-37.
[27] Fed. R. Crim. P. 32.2(c)(1)(B); Fed. R. Civ. P. 26-37.
[28] Fed. R. Crim. P. 32.2(c)(1)(B); Fed. R. Civ. P. 26-37.

Ninth, when "discovery ends, a party may move for summary judgment under Fed. R. Civ. P. 56."[29] Tenth, if the Petitions are not resolved with the discovery and these motions, the ancillary hearing will be held. The Court, not the jury, decides the ancillary hearing.[30]

Eleventh, when all the ancillary proceedings end, the court must enter a final forfeiture order by amending the preliminary order as necessary to account for any third-party rights.[31] Twelfth, if "multiple third-party petitions are filed in the same case, an order dismissing or granting one petition is not appealable until rulings are made on all the petitions, unless the court determines that there is no just reason for delay."[32]

Last, an "ancillary proceeding is not part of sentencing."[33]

The publication, service of process, filing of third-party petitions, ancillary proceedings, and entering the final forfeiture order do not interfere with the defendant's sentencing and appeals.[34]

**E. The Extension of Time to go Orderly through the Ancillary Procedures Does Not Impact the Restitution in Any Way.**

Restitution applies in this case. The extension of time to go through the ancillary procedures does not impact restitution in any way because criminal forfeiture is separate and distinct from restitution.

Both forfeiture and restitution are mandatory.[35] In *Newman*, the Ninth Circuit explained the difference between forfeiture and restitution. The court declared, "Criminal forfeiture is also separate from restitution, which serves an entirely different purpose.

---

[29] Fed. R. Crim. P. 32.2(c)(1)(B); Fed. R. Civ. P. 56.
[30] Fed. R. Crim. P. 32.2(c)(2); 21 U.S.C. § 853(n)(5)-(6).
[31] Fed. R. Crim. P. 32.2(c)(2) 21 U.S.C. § 853(n)(6).
[32] Fed. R. Crim. P. 32.2(c)(3).
[33] Fed. R. Crim. P. 32.2(c)(4).
[34] *See* Fed. R. Crim. P. 32.2(c)(4) ("An ancillary proceeding is not part of sentencing."); *United States v. Gallion*, 534 F. App'x 447, *309-10 (6th Cir. 2013).
[35] *United States v. Bright*, 353 F.3d 1114, 1119-23 (9th Cir. 2004) (restitution mandatory; 18 U.S.C. §§ 3663A and 3664); *United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (forfeiture is mandatory), *cert denied*, 566 U.S. 915, *abrogated on other grounds by Honeycutt*, 581 U.S. at 447-54; *United States v. Feldman*, 853 F.2d 648, 663-64 (9th Cir. 1988), *cert. denied*, 489 U.S. 1030 (1989) holding that ordering restitution "is not denied to the district court because a defendant must also forfeit the proceeds of illegal activity").

6

'Congress conceived of forfeiture as *punishment* for the commission of various [crimes].' *Libretti v. United States*, 516 U.S. 29, 39 (1995) (emphasis added)."[36] It explained, "The purpose of restitution ... is not to punish the defendant, but to make the victim whole again by restoring to him or her the value of the losses suffered as a result of the defendant's crime." *United States v. Hunter*, 618 F.3d 1062, 1064 (9th Cir. 2010) (emphasis added) (internal quotation marks and brackets omitted)."[37]

The Court held "'defendants may be required to pay restitution and forfeit the same amounts.' *United States v. Boulware*, 384 F.3d 794, 813 (9th Cir. 2004). Applying that rule in *Boulware*, … the defendant was not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan. *Id*."[38] The Court reasoned, "In the absence of a statute authorizing a reduction in forfeiture, the *district court may not reduce forfeiture because of an order of restitution to a victim or because the victim already has been made whole*."[39]

In *Boulware*, the Ninth Circuit clarified payments back to the victim will reduce the restitution but will not reduce the criminal forfeiture money judgment amount of illegal proceeds. The Ninth Circuit affirmed Boulware's "conviction for conspiracy to make false statements to a federally insured financial institution …." and the district court's refusal to reduce the forfeiture order by the amount of funds Boulware returned to the victim. The Ninth Circuit explained: The forfeiture statue does not allow for a set-off for payments to the fraudulent loan he obtained; Boulware will pay restitution and forfeiture showing he does not receive a credit for the money he returned to the victim.[40]

The Ninth Circuit held if the Attorney General authorized forfeited assets to pay restitution to victims through the Court Clerk and the United States paid, the United States would step into the shoes of the victim and the defendant would owe the United States the

---

[36] *Newman*, 659 F.3d at 1241.
[37] *Id*.
[38] *Id*.
[39] *Id*. (emphasis added).
[40] *United States v. Boulware*, 384 F.3d 794, 813 (9th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005); *Bright*, 353 F.3d at 1125 (explaining that neither the Mandatory Victim Restitution Act nor the forfeiture statute "mandates the transfer of forfeited funds to victims."); *United States v. Feldman,* 853 F.2d 648, 663–64 (9th Cir. 1988) (ordering that restitution "is not denied to the district court because a defendant must also forfeit the proceeds of illegal activity.").

7

amount it paid to the victim. The Court held, even if the victims are paid with forfeited assets, the defendant "would not get an offset because the government would step into the victims' shoes as a subrogee of their restitution claims against Bright."[41]

## II. CONCLUSION

Because the Petitioner and undersigned agreed to the extension and the foregoing reasons, this Court should grant an extension of time to, and including August 15, 2024, for the United States to respond to Clark County and Clark County Treasurer's Office Petition for Ancillary Hearing, and because the extension of time or the third-party petition will not impact the scheduled sentencing hearing or any restitution hearing.

Dated: July 17, 2024.

JASON M. FRIERSON
United States Attorney

 /s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED: 7/18/2024

---

[41] *Bright*, 353 F.3d at 1122.